IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:09-cv-03072-JOF |
| Just Fam, LLC, et al., : | |
| : | |
| Defendants. : | |
| : | |

**OPINION & ORDER**

This matter is before the court on Plaintiff J & J Sports Productions, Inc.'s motion for default judgment [6].

**I.   Background**

   **A.   Facts**

This dispute arises out of Defendants' exhibition of the Mayweather/Baldomir Championship Boxing Match ("the fight") at Barley's Billiards on November 4, 2006 without authorization by Plaintiff. *See* Docket Entry [1-1], Complaint, ¶ 15. According to the facts alleged in the complaint, Plaintiff purchased exclusive nationwide television distribution rights to the fight. *Id.* at ¶ 9. Plaintiff subsequently expended substantial resources marketing and promoting the fight to various commercial entities throughout

North America, including entities within the state of Georgia. D.E. [1-1], ¶ 10. Defendants did not purchase the right to show the fight from Plaintiff. *Id.* at ¶ 14.

Potential unlawful interceptions of the fight were a substantial concern to Plaintiff. As a result, Plaintiff hired auditors to visit various bars and restaurants on the night of the fight, November 4, 2006, to determine whether the establishments were illegally intercepting and displaying the fight without authorization from or payment to Plaintiff. D.E. [6-2], Affidavit of Plaintiff, ¶ 6. An auditor hired by Plaintiff, Evie Kilgore, entered Barley's Billiards the night of the fight. D.E. [6-2], Affidavit of Evie Kilgore, ¶ 3. There was a $10.00 cover charge. *Id.* at ¶ 9. The auditor witnessed a portion of the fight being exhibited on fifteen television sets, two of which were big screens, to approximately forty-five individuals. *Id.* at ¶ 13. The auditor did not observe any evidence that Barley's Billiards advertised or promoted the fight to its patrons. *Id.* at ¶ 8.

### B.  Procedural History

Plaintiff filed the instant action on November 2, 2009[1] and raised three substantive claims against Defendants. Two of the three counts alleged that Defendants willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605 (1996). Count I alleged that Defendants willfully violated § 605, which prohibits the unauthorized

---

[1] The action was filed within the statute of limitations. *See Direct TV v. Wright*, 350 F. Supp. 2d 1048, 1055 (N.D. Ga. 2004) (Story, J.) (finding the federal cause of action under §§ 553 and 605 of the Communications Act paralleled the state cause of action under O.C.G.A. § 46-5-2, and thus, that the statute of limitations was four years).

publication or use of wire or radio communications (including satellite signals). Count II alleged that Defendants willfully violated § 553, which prohibits the unauthorized interception and use of cable service. Count III asserted a state-law claim of conversion. Service was properly executed upon Defendants Tyrone N. Gamby, Sr. and Just Fam, LLC on November 12, 2009. *See* Docket Entry [3 & 4]. At Plaintiff's request, the clerk entered default against both Tyrone N. Gamby, Sr. and Just Fam, LLC on December 16, 2009. Plaintiff filed the instant motion for default judgment on December 31, 2009, requesting statutory damages, costs, and attorney fees as well as enhanced statutory damages for Defendants' willful violation of the statutes. Defendants have not responded to this motion or otherwise participated in the case.

## II.     Discussion

Defendants defaulted when they failed to respond to Plaintiff's complaint within twenty days or request an extension as required by Fed. R. Civ. P. 12(a). Thus, the court will deem Defendants to have admitted Plaintiff's "well pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976).[2] An entry of default is not equivalent to a default judgment; the court may only grant default judgment on Plaintiff's claims that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). The court must

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

3

therefore consider whether Plaintiff's allegations, as pleaded in its complaint, suffice to establish Defendants' liability for the alleged offenses and the amount of damages to which Plaintiff is entitled.

### A.  Defendants' Liability under the Communications Act

Plaintiff alleges violations of both §§ 553 and 605 of Title 47 of the United States Code. To establish a violation of §§ 553 or 605, Plaintiff must establish (1) that Defendants intercepted the program, (2) that Defendants did not pay for the right to receive the transmission, and (3) that Defendants displayed the program to patrons of their establishment. *J & J Sports Productions, Inc. v. Fitzgerald*, No. 1:09-cv-1684-WSD, 2009 U.S. Dist. LEXIS 101593 at *9 (N.D. Ga. Oct. 30, 2009) (Duffey, J.). By virtue of their default, Defendants have admitted they exhibited the fight, without Plaintiff's authorization, to their patrons at Barley's Billiards. Thus, Plaintiff has sufficiently pleaded its case so as to establish Defendants liability under both §§ 553 and 605. However, "when a court determines that a defendant's conduct has violated both *sections 553* and *605* of the Communications Act, a plaintiff may recover damages under only one of those sections." *KingVision Pay-Per-View Corp., Ltd. v. Wright*, No. 8:06-cv-892-T-30MAP, 2006 U.S. Dist. LEXIS 78404, at *4-5 (M.D. Fla. Oct. 27, 2006) (emphasis in original); *accord J & J Sports Prods., Inc. v. Blackwell*, No. 2:07cv1058-MHT(WO), 2009 U.S. Dist. LEXIS 62240, at *5 (M.D. Ala. July 21, 2009) ("The court is unpersuaded that a perpetrator would

4

commit double piracy by using both a cable box and a satellite to broadcast a single simultaneous program."). Based on the facts alleged in the complaint, this court finds Plaintiff has sufficiently established Defendants' liability under § 605(a), and will thus determine appropriate damages in light of that section.[3]

Under § 605, a court may grant injunctive relief, award damages, and direct the recovery of full costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B). An aggrieved party may then elect to recover actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). The statute authorizes damages for "each violation of subsection (a) of this section . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the violation was committed "willfully and for the purpose of commercial advantage or private financial gain," the court may award up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

The court may not enter a judgment by default without a hearing unless the amount of damages is a liquidated sum or one capable of mathematical calculation. Fed. R. Civ. P. 55(b); *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The decision about whether to hold a hearing rests in the court's discretion. *Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-cv-276(CAR), 2009 U.S. Dist. LEXIS 116654, at *9 (M.D. Ga. Dec.

---

[3] When a defendant has violated both §§ 553 and 605, most courts choose to award damages under § 605 because that provision "allows for greater recovery by plaintiffs." *Entertainment by J & J, Inc. v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002). However, the distinction between §§ 605 and 553 is ultimately irrelevant as the damages being awarded here fall neither above nor below the permissible ranges of the two statutes.

15, 2009). In this case, the court finds a hearing is unnecessary because Plaintiff has submitted an adequate record from which the court can calculate appropriate damages.

Here, Plaintiff has elected to receive statutory damages but has failed to clearly articulate the amount it requests.[4] Thus, determining the appropriate level of damages is left to the discretion of this court.[5] The Eleventh Circuit has no uniform formula for calculating statutory damages under § 605. *McBroom*, 2009 U.S. Dist. LEXIS 116654, at *11. Some courts award damages as a flat sum, while others award the plaintiff "the license fee the defendant, based on its maximum capacity, would have paid if it had legally purchased the event." *Id.* Because Plaintiff failed to provide any evidence establishing the maximum capacity of Barley's Billiards, this court has no choice but to follow the first approach and award damages as a flat sum.

The auditor who visited Barley's Billiards witnessed the fight being displayed on approximately fifteen television sets, two of which were big screens, to approximately forty-five people. D.E. [6-2], Affidavit of Evie Kilgore. Previously, this court has awarded

---

[4] In Plaintiff's complaint, the original amount requested for Defendants' violation of § 605 was $100,000. D.E. [1-1], ¶ 25. This number inexplicably changed to $50,800 in the motion for default judgment, D.E. [6-1], Motion for Default Judgment, ¶ 5, while Plaintiff's memorandum in support of the motion requested $50,000. D.E. [6-2], Brief in Support of Plaintiff's Motion for Default Judgment. Plaintiff also failed to explain whether the requested $50,800 was for an individual count or the aggregate sum of the relief requested for all three. D.E. [6-1], Motion, ¶ 5.

[5] This court has "considerable discretion in determining the appropriate amount of damages." *McBroom*, 2009 U.S. Dist. LEXIS 116654 at *10 (citing *KingVision Pay-Per-View Corp., Ltd. v. El Torito Supermarket, Inc.*, No. 6:06-cv-657-Orl-18KRS, 2007 U.S. Dist. LEXIS 98968 at *4 (M.D. Fla. May 31, 2007)).

AO 72A
(Rev.8/82)

statutory damages of $3,000 when a program was illegally displayed on just two television sets to approximately five individuals. *Joe Hand Productions, Inc. v. Leon*, No. 1:06-cv-1180(JOF), 2007 U.S. Dist. LEXIS 81054, at * 7 (N.D. Ga. Oct. 31, 2007) (Forrester, J.). *Accord Fitzgerald*, 2009 U.S. Dist. LEXIS 101593 at *11 (awarding $2,500 when the program was only showing on one television and there were only eleven patrons present). In light of these precedents and considering the fight was displayed to approximately forty-five patrons on fifteen televisions, this court finds a statutory damages award of $4,000 appropriate.

Further, Plaintiff has alleged that Defendants' violation of § 605 was willful, and has requested enhanced statutory damages pursuant to § 605(e)(3)(C)(ii). Courts consider several factors in determining whether a defendant's willful conduct justifies increased damages: "i) repeated violations over an extended period of time; ii) substantial unlawful monetary gains; iii) advertising of the broadcast; iv) charging of a cover charge or premiums for food and drinks; or v) plaintiff's significant actual damages." *J &J Sports Productions, Inc. v. Arboleda*, No. 6:09-cv-467-Orl-18DAB, 2009 U.S. Dist. LEXIS 99768 at *18 (M.D. Fla. Oct. 5, 2009). Here, enhanced statutory damages are undeniably appropriate because Defendants charged a cover of $10 per person. In *KingVision Pay-Per-View Corp., LTD. v. Wright*, 2006 U.S. Dist. LEXIS 78404 at *8-9, the court faced similar facts including a $10 cover charge. The court determined enhanced damages by multiplying the statutory damages

7

amount by three. *Id.* [6] The court finds this reasoning appropriate, and will award enhanced damages in the amount of three times the statutory award, which is $12,000. Thus, the total damage award comes to $16,000. Defendants are to be jointly and severally liable for such damages.

### B.    Defendants' Liability for Conversion

Plaintiff has failed to show why it should be entitled to damages for conversion above and beyond the amount awarded under § 605. The $16,000 awarded in statutory and enhanced damages for the violation of § 605 should adequately address Plaintiff's losses and deter future violations without forcing Defendants into bankruptcy. Thus, Plaintiff shall receive no damages for conversion. *See Blackwell*, 2009 U.S. Dist. LEXIS 62240 at *9 (refusing to award damages for conversion over and above the statutory damages already provided for violating the Communications Act).

### C.    Attorney's Fees

Finally, because Defendants' liability has been established under § 605, Plaintiff is entitled to and has requested attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii). However, Plaintiff has failed to submit any evidence from which the court could determine a reasonable award for fees and costs. Plaintiff has fifteen (15) days from the date of this order to file a motion for reasonable attorney's fees and costs. The motion must comply with

---

[6] *But see Joe Hand Promotions, Inc. v. Blanchard*, No. 409CV100, 2010 U.S. Dist. LEXIS 43213 at *14 (S.D. Ga. May 3, 2010) (noting that three times the statutory award is common even when none of the factors evidencing willfulness are present).

*Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).

## III.    Conclusion

Plaintiff's motion for default judgment is GRANTED, and statutory damages are awarded to Plaintiff in the amount of $16,000 [6]. The court DIRECTS the Clerk of Court to enter JUDGMENT against Defendants, jointly and severally, in the amount of $16,000. Plaintiff has fifteen (15) days from the date of this order to file a motion for reasonable attorney's fees and costs.

**IT IS SO ORDERED** this 28th day of June 2010.

    /s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)

*Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).

## III.    Conclusion

Plaintiff's motion for default judgment is GRANTED, and statutory damages are awarded to Plaintiff in the amount of $16,000 [6]. The court DIRECTS the Clerk of Court to enter JUDGMENT against Defendants, jointly and severally, in the amount of $16,000. Plaintiff has fifteen (15) days from the date of this order to file a motion for reasonable attorney's fees and costs.

**IT IS SO ORDERED** this 28th day of June 2010.

    /s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)